**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* ____________ Chapter 11

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

4/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Bon-Ton Distribution, LLC |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | **Saks Distributions Centers, Inc., Carson Pirie Scott, Bon-Ton Distribution, Inc.** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **63-1215855** |
| 4. | **Debtor's address** | **Principal place of business**<br>**2801 E. Market Street**<br>**York, PA 17402**<br>Number, Street, City, State & ZIP Code<br>**York**<br>County<br><br>**Mailing address, if different from principal place of business**<br>**Illinois Corporation Service Company**<br>**801 Adlai Stevenson Drive**<br>**Springfield, IL 62703**<br>P.O. Box, Number, Street, City, State & ZIP Code<br>**Location of principal assets, if different from principal place of business**<br>Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | **www.bonton.com** |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: |

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**4521**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☒ No.
- ☐ Yes.

District ____ When ____ Case number ____
District ____ When ____ Case number ____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

- ☐ No
- ☒ Yes.

Debtor ***See* Attachment A to Voluntary Petition** Relationship ____
District ____ When ____ Case number, if known ____

Debtor **Bon-Ton Distribution, LLC** Case number (*if known*) ______
Name

**11. Why is the case filed in *this district?***

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? ______

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other ______

**Where is the property?** ______
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency ______
Contact name ______
Phone ______

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☒ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☒ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor **Bon-Ton Distribution, LLC**
Name

Case number (*if known*)

**Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 02/04/2018
MM / DD / YYYY

X Michael Culhane
Signature of authorized representative of debtor

**Michael Culhane**
Printed name

Title **Executive Vice President – Chief Financial Officer**

**18. Signature of attorney**

X Pauline K. Morgan
Signature of attorney for debtor

Date 02/04/2018
MM / DD / YYYY

**Pauline K. Morgan**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone **(302) 571-6600** Email address **pmorgan@ycst.com**

**3650 (DE)**
Bar number and State

**ATTACHMENT A TO VOLUNTARY PETITION**

Pending Bankruptcy Cases Filed by Affiliated Entities

On the date hereof, each of the related entities listed below (collectively, the "Debtors"), including the debtor in this chapter 11 case, will file or have filed a petition in the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court consolidate their chapter 11 cases for administrative purposes only.

1. The Bon-Ton Stores, Inc. (23-2835229)
2. The Bon-Ton Department Stores, Inc. (23-1269309)
3. The Bon-Ton Giftco, LLC (23-3102805)
4. Carson Pirie Scott II, Inc. (64-0202140)
5. Bon-Ton Distribution, LLC (63-1215855)
6. McRIL, LLC (63-1265548)
7. Bonstores Holdings One, LLC (20-4398574)
8. Bonstores Realty One, LLC (20-4398931)
9. Bonstores Holdings Two, LLC (20-4398775)
10. Bonstores Realty Two, LLC (20-4399075)

BON-TON DISTRIBUTION, LLC

---

UNANIMOUS WRITTEN CONSENTS OF THE BOARD
OF MANAGERS IN LIEU OF A MEETING

---

The undersigned, being all of the members of the Board of Managers (the "Board") of Bon-Ton Distribution, LLC, an Illinois limited liability company (the "Company"), hereby adopt the resolutions attached hereto as Exhibit A and Exhibit B, the terms of which hereby are incorporated by reference herein, with the same force and effect as if such resolutions were approved and adopted at a duly constituted meeting of the Board of the Company.

This consent may be executed in counterparts and all so executed shall constitute one consent, notwithstanding that all the members of the Board of the Company are not signatories to the original or the same counterpart.

Dated as of February 4, 2018


Name: William W. Tracy                    Name: Michael G. Culhane


Name: Nathaniel W. Adams

EXHIBIT A

**WHEREAS**, it has been proposed that the Company seek to commence an orderly liquidation of its respective assets, including, without limitation, by seeking relief under the provisions of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**NOW, THEREFORE, BE IT RESOLVED**, based on factors and information deemed relevant to the Board, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors and other interested parties that a petition (the "Petition") be filed pursuant to Chapter 11 of the Bankruptcy Code on behalf of the Company;

**FURTHER RESOLVED**, that the filing of a voluntary petition on behalf of Company be, and the same hereby is, approved and adopted in all respects and that any officer of the Company (each, an "Officer" and collectively, the "Officers"), be and each hereby is, authorized and empowered on behalf of the Company, to execute, acknowledge, deliver, and verify the Petition and to cause the same to be filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") at such time as such Officer may determine;

**FURTHER RESOLVED**, that each of the Officers of the Company, be and hereby are, authorized to (a) execute and file all petitions, schedules of assets and liabilities, statements of financial affairs, lists and other papers to take any and all related actions that such Officers may deem necessary or proper in connection with such chapter 11 case(s), (b) execute, acknowledge, deliver and verify any and all documents necessary or proper in connection with the Petition and to administer the Company's chapter 11 case in such form or forms as such Officer may deem necessary or proper and in order to effectuate the foregoing resolutions, and (c) engage any professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, brokers or other experts as such Officer deems necessary or proper to accomplish the purposes of the resolutions;

**FURTHER RESOLVED**, that the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"), as lead restructuring counsel, shall be, and hereby is, authorized, empowered, and directed to represent the Company, as debtor and debtor in possession, in connection with any chapter 11 case commenced by or against the Company under the Bankruptcy Code, and to (a) execute, acknowledge, deliver and verify the Petition and all other ancillary documents, and to cause the Petition to be filed with the Bankruptcy Court and make or cause to be made, prior to execution thereof, any modifications to the Petition or any ancillary document as an Officer of the Company deems necessary, desirable, or appropriate to carry out the intent and accomplish the purpose of these resolutions, (b) execute, acknowledge, deliver, verify, and file or cause to be filed all petitions, schedules, statements, lists, motions, applications, and other papers or documents necessary or proper in connection with the foregoing, and (c) execute, acknowledge, deliver, and verify any and all other documents necessary or proper in connection therewith and to administer the Company's chapter 11 case in form or forms as any Officer of the Company may deem necessary or proper and in order to effectuate the purpose of the intent of the foregoing resolutions;

**FURTHER RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway"), as co-counsel with Paul Weiss, shall be, and hereby is, authorized, empowered, and directed to represent the Company, as debtor and debtor in possession, in connection with any chapter 11 case commenced by or against the Company under the Bankruptcy Code, and to (a) execute, acknowledge, deliver and verify the Petition and all other ancillary documents, and to cause the Petition to be filed with the Bankruptcy Court and make or cause to be made, prior to execution thereof, any modifications to the Petition or any ancillary document as an Officer of the Company deems necessary, desirable, or appropriate to carry out the intent and accomplish the purpose of these resolutions, (b) execute, acknowledge, deliver, verify, and file or cause to be filed all petitions, schedules, statements, lists, motions, applications, and other papers or documents necessary or proper in connection with the foregoing, and (c) execute, acknowledge, deliver, and verify any and all other documents necessary or proper in connection therewith and to administer the Company's chapter 11 case in form or forms as any Officer of the Company may deem necessary or proper and in order to effectuate the purpose of the intent of the foregoing resolutions;

**FURTHER RESOLVED**, that PJT Partners LP ("PJT Partners") be, and hereby is, authorized, empowered, and directed to represent the Company as its investment banker in connection with any case commenced by the Company under the Bankruptcy Code;

**FURTHER RESOLVED**, that AP Services, LLC ("AlixPartners") be, and hereby is, authorized, empowered, and directed to represent the Company as its financial advisor in connection with any case commenced by the Company under the Bankruptcy Code;

**FURTHER RESOLVED**, that Prime Clerk LLC ("Prime") be, and hereby is, authorized, empowered, and directed to represent the Company as its notice, claims, solicitation, and balloting agent in connection with any case commenced by the Company under the Bankruptcy Code;

**FURTHER RESOLVED**, that A&G Realty Partners LLC ("AG Realty", and together with Paul Weiss, Young Conaway, PJT Partners, AlixPartners, and Prime, collectively, the "Advisors") be, and hereby is, authorized, empowered, and directed to represent the Company as its real estate advisor in connection with any case commenced by the Company under the Bankruptcy Code;

**FURTHER RESOLVED**, that the Advisors are hereby authorized to take any and all actions necessary or desirable to advise the Company with respect to its rights and obligations and facilitate the commencement of any case commenced by the Company under the Bankruptcy Code;

**FURTHER RESOLVED**, that any Officer of the Company shall be, and hereby is, authorized, directed and empowered, in the name and on behalf of the Company, as debtor and debtor in possession, to retain that certain contractual joint venture composed of Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC (the "Consultant") to conduct a "going out of business sales" at a certain subset of the Company's stores in connection with the commencement of the chapter 11 cases and to provide consulting services relating thereto; and, in connection therewith,

any Officer of the Company is hereby authorized and directed to execute the Consulting Agreement with the Consultant and related ancillary documents to effectuate the aforementioned sale;

**FURTHER RESOLVED,** that any Officer of the Company shall be, and hereby is, authorized, directed and empowered, in the name and on behalf of the Company, as debtor and debtor in possession, to negotiate, execute, deliver and perform on behalf of the Company, and that such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents as such Officer may deem necessary or proper to facilitate the transactions contemplated by these resolutions; and

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken prior to the date hereof by any Officer of the Company or any professionals engaged by the Company with respect to any transactions contemplated by the foregoing resolutions, or otherwise in preparation for or in connection with the Company's chapter 11 case or any proceedings related thereto, or any matter related thereto, be and hereby are, adopted, approved, ratified and confirmed in all respects as the acts and deeds of the Company as if such acts and deeds took place after the date of these resolutions.

EXHIBIT B

1. Loan and Security Agreement

**NOW, THEREFORE, BE IT RESOLVED**, that the Company be, and hereby is, authorized (i) to enter into a Senior Secured, Super-Priority Debtor-in-Possession Loan and Security Agreement (or one or more ancillary documents and any amendments thereto) (the "Loan and Security Agreement") by and among The Bon-Ton Department Stores, Inc., a Pennsylvania corporation, Bon-Ton Distribution, LLC, an Illinois limited liability company, Carson Pirie Scot II, Inc., a Florida corporation, McRIL, LLC, a Virginia limited liability company, Bonstores Realty One, LLC, a Delaware limited liability company, Bonstores Realty Two, LLC, a Delaware limited liability company, and any other person from time to time a borrower thereunder, as borrowers (collectively, the "Borrowers"), the entities listed on the signature pages thereto as obligors (together with the Borrowers, the "Obligors"), the lenders listed on the signature pages thereto (the "Lenders"), Bank of America, N.A. ("Bank of America"), a national banking association, as administrative agent for the Lenders (in such capacity, the "Agent"), Bank of America and Wells Fargo Bank, National Association, as co-collateral agents and Crystal Financial LLC, as documentation agent for the Tranche A-1 Lenders substantially in the form previously presented to the Board of the Company, to provide for loans or other extensions of credit to be made to the Borrowers in an aggregate principal amount of up to $725,000,000, which shall bear such interest, require the payment of such fees and have such other terms and conditions and be in such form as are approved or deemed necessary, appropriate or desirable by the officer executing the same (with such changes as may be approved by such officers), the execution thereof by such officer to be conclusive evidence of such approval and determination and (ii) to guarantee on a joint and several basis the payment and performance of the obligations, liabilities and indebtedness of the other Obligors and their subsidiaries arising under, out of or in connection with the Loan and Security Agreement;

2. Promissory Notes

**FURTHER RESOLVED**, that the Company be, and it hereby is, authorized to borrow from the Lenders pursuant to the Loan and Security Agreement and to issue promissory notes to evidence such borrowings in such form and having such terms and conditions as are approved or deemed necessary, appropriate or desirable by the officer executing the same (the "Notes"), the execution thereof by such officer to be conclusive evidence of such approval and determination;

3. Security Interests

**FURTHER RESOLVED**, that the Company be, and it hereby is, authorized to secure payment of the loans or other extensions of credit made under the Loan and Security Agreement, interest thereon, and fees and expenses related thereto, and payment and performance of all other obligations and liabilities of the Company, the other Obligors and their respective direct or indirect subsidiaries arising under, out of, or in connection with, the Loan and Security Agreement or any interest rate or other hedging arrangements entered into with any of the Agent or the Lenders or their respective affiliates (collectively, the "Obligations"), by (i) pledging to the Agent (or one

or more collateral agents appointed by the Agent or the Lenders) for the benefit of the Agent and the other Secured Parties (as defined in the Loan and Security Agreement), or granting to the Agent (or one or more collateral agents appointed by the Agent or the Lenders) for the benefit of the Agent and the other Secured Parties a lien on or mortgage on or security interest in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding capital stock or membership interests of any subsidiary of the Company, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, blocked account service agreements, mortgages, deeds of trust, intellectual property security agreements and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution, in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the officer executing the same (collectively, the "Security Agreements"), the execution thereof by such officer to be conclusive evidence of such approval or determination;

4. General

**FURTHER RESOLVED**, that any officer of the Company be, and each of them individually hereby is, authorized, in the name and on behalf of the Company, to execute and deliver the Loan and Security Agreement, the Notes, and the Security Agreements (collectively, the "Principal Agreements"), and any other agreements or amendments related thereto or required thereby containing such terms and conditions, setting forth such rights and obligations and otherwise addressing or dealing with such subjects or matters determined to be necessary, appropriate or desirable by the officer executing the same (collectively, the "Ancillary Agreements"), the execution thereof by such officer to be conclusive evidence of such determination, and to do all such other acts or deeds as are or as are deemed by such officer to be necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution and the foregoing resolutions;

**FURTHER RESOLVED**, that the Company be, and it hereby is, authorized to borrow, jointly and severally, up to an aggregate principal amount of $725,000,000 under the Loan and Security Agreement;

**FURTHER RESOLVED**, that the Company be, and it hereby is, authorized to perform fully its obligations under the Principal Agreements and the Ancillary Agreements and to engage without limitation in such other transactions, arrangements or activities (collectively, the "Activities") as are reasonably related or incident to or which will serve to facilitate or enhance for the benefit of the Company and its subsidiaries the transactions contemplated by these resolutions, including, without limitation, any modification, extension or expansion of any of the Activities (collectively, the "Changes") or of any other transactions, arrangements or activities resulting from any of the Changes and to enter into such other agreements or understandings as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution and each of the foregoing resolutions;

**FURTHER RESOLVED**, that all actions previously taken by any director, officer, employee or agent of the Company in connection with or related to the matters set forth in or reasonably contemplated or implied by the foregoing resolutions be, and each of them hereby is, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and

**FURTHER RESOLVED**, that in connection with the transactions contemplated by the preceding resolutions, the Secretary and any Assistant Secretary of the Company be, and each of them individually hereby is, authorized and directed, in the name and on behalf of the Company, to certify any more formal or detailed resolutions as such officer may deem necessary, appropriate or desirable to effectuate the intent of the foregoing resolutions; and that thereupon such resolutions shall be deemed adopted as and for the resolutions of the Company as if set forth at length herein.

**Fill in this information to identify the case:**

Debtor name **Bon-Ton Distribution, LLC**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known) ______________

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ______________
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration **Consolidated Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 02/04/2018

X Michael Culhane
Signature of individual signing on behalf of debtor

**Michael Culhane**
Printed name

**Executive Vice President - Chief Financial Officer**
Position or relationship to debtor

**The Bon-Ton Stores, Inc.**

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (e.g., trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim as of the Petition Date |
|---|---|---|---|---|---|
| | | | | | Unsecured claim |
| 1 | SPARK FOUNDRY<br>222 MERCHANDISE MART<br>SUITE 550<br>CHICAGO IL 60654 | SHAUN J KILLEEN<br>313-471-5780<br>SHAUN.KILLEEN@SMVGROUP.COM | Trade | | $ 8,753,824 |
| 2 | ESTEE LAUDER<br>PO BOX 223523<br>PITTSBURGH PA 15251-2523 | JOSEPHINE ADAMOU<br>631.847.8483<br>JADAMOU@ESTEE.COM | Trade | | $ 5,065,830 |
| 3 | HANESBRANDS<br>21700 NETWORK PLACE<br>CHICAGO IL 60673-1217 | SUSAN VENABLE<br>336-519-4821<br>SUSAN.VENABLE@HANES.COM | Trade | | $ 3,629,360 |
| 4 | KEURIG GREEN MOUNTAIN INC<br>PO BOX 414159<br>BOSTON MA 02241-4159 | JESSICA LEONARD<br>612-308-9609<br>JESSIKA.LEONARD@KEURIG.COM | Trade | | $ 3,507,041 |
| 5 | MICHAEL KORS USA INC<br>PO BOX 732670<br>DALLAS TX 75373-2670 | KATHY A. MORRIS<br>201.514.8028<br>KATHY.MORRIS@MICHAELKORS.COM | Trade | | $ 2,820,230 |
| 6 | PERRY ELLIS<br>PO BOX 277017<br>ATLANTA GA 30384-7017 | ROBERT CANTILLLO<br>305-873-1004<br>ROBERT.CANTILLO@PERY.COM | Trade | | $ 2,359,448 |
| 7 | RALPH LAUREN<br>PO BOX 911371<br>DALLAS TX 75391-1371 | KENNETH I. CRUZ<br>201-531-6571<br>KENNETH.CRUZ@RALPHLAUREN.COM | Trade | | $ 2,201,811 |
| 8 | NINE WEST<br>PO BOX 277512<br>ATLANTA GA 30384-7512 | ANN MARIE RYGALSKI<br>215-826-6807<br>ARYGALSKI@NINEWESTHOLDINGS.COM | Trade | | $ 2,147,625 |
| 9 | RACM<br>809 NORTH BROADWAY<br>MILWAUKEE WI 53202 | 414-286-5730<br>RACMINFO@MILWAUKEE.GOV | Lease Agreement | Contingent | $ 1,900,000 |
| 10 | UNDER ARMOUR<br>PO BOX 791022<br>BALTIMORE MD 21279-1022 | KIMBERLY TROAST<br>410-468-2512 EXT. 6589<br>KTROAST@UNDERARMOUR.COM | Trade | | $ 1,580,691 |
| 11 | MARC FISHER LLC<br>777 WEST PUTMAN AVE<br>GREENWICH CT 06830 | GILLIAN SHEPARD<br>203-413-5329<br>GILLIAN.SHEPHERD@FISHERFOOTWEAR.COM | Trade | | $ 1,379,449 |
| 12 | NUWAVE LLC<br>1795 N BUTTERFIELD RD<br>LIBERTYVILLE IL 60048 | KEITH HANDEN<br>224-206-3061<br>KEITH.HAMDEN@NUWAVENOW.COM | Trade | | $ 1,246,355 |
| 13 | ELIZABETH ARDEN<br>PO BOX 418906<br>BOSTON MA 02241-8906 | WENDEL KRALOVICH<br>WENDEL.KRALOVICH@REVLON.COM | Trade | | $ 1,107,909 |
| 14 | G III LEATHER FASHION INC<br>PO BOX 29242<br>NEW YORK NY 10087-9242 | JOANNE MAYER<br>JOANNE.MAYER@GIII.COM | Trade | | $ 1,025,074 |
| 15 | INDO COUNT GLOBAL INC<br>295 FIFTH AVE, SUITE 1019<br>NEW YORK NY 10016 | 646-416-7000<br>SALES@INDOCOUNT.US | Trade | | $ 978,480 |
| 16 | CHICAGO TRIBUNE<br>435 N MICHIGAN AVE<br>CHICAGO IL 60611 | CARMELA SIRACUSA<br>212-609-3070<br>CARMELA.SIRACUSA@AMEREXGROUP.COM | Trade | | $ 977,060 |
| 17 | LEVI STRAUSS<br>PO BOX 100883<br>ATLANTA GA 30384 | ARLENE BUTCHKO<br>541-242-7630<br>ABUTCHKO@LEVI.COM | Trade | | $ 964,718 |
| 18 | SKECHERS USA INC<br>PO BOX 74008181<br>CHICAGO IL 60674-8181 | YOLAND ROJAS<br>310-318-3100 X4312<br>YOLAND@SKECHERS.COM | Trade | | $ 910,131 |
| 19 | CONSTELLATION NEWENERGY INC<br>PO BOX 4640<br>CAROL STREAM IL 60197-4640 | KENNETH HOWANSKI<br>888-635-0827<br>KENNETH.HOWANSKI@CONSTELLATION.COM | Trade | | $ 878,378 |
| 20 | CONVERSANT INC<br>ATTN: JOHN ARDIS<br>101 N WACKER, 23RD FLOOR<br>CHICAGO IL 60606 | JOHN ARDIS<br>630-488-2020<br>JARDIS@CONVERSANTMEDIA.COM | Trade | | $ 876,549 |

**The Bon-Ton Stores, Inc.**

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (e.g., trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim as of the Petition Date |
|---|---|---|---|---|---|
| | | | | | Unsecured claim |
| 21 | DECKERS OUTDOOR CORP DBA TEVA<br>PO BOX 8424<br>PASADENA CA 91109 | GINA PRITCHARD<br>800-713-7517 EXT 1254<br>GINA.PRICHARD@DECKERS.COM | Trade | | $ 855,642 |
| 22 | UNCAS INTERNATIONAL LLC<br>PO BOX 780841<br>PHILADELPHIA PA 19178-0841 | FELICE SILVIA<br>401-231-0266<br>WWW.UNCAS.COM | Trade | | $ 829,485 |
| 23 | OAKDALE MALL II LLC<br>PO BOX 416525<br>BOSTON MA 02241-6525 | ROBERT MINUTOLI<br>844-614-4114 | Trade | | $ 818,542 |
| 24 | FAMMA GROUP INC<br>4510 LOMA VISTA AVE<br>VERNON CA 90058 | NANCY FRANKENBERG<br><br>NANCY.FRANKENBERG@FAMMAGROUPINC.COM | Trade | | $ 798,599 |
| 25 | SAMSONITE LLC<br>DEPT CH 19296<br>PALATINE IL 60055-9296 | JIM REGO<br>508-851-1427<br>JAMES.REGO@SAMSONITE.COM | Trade | | $ 770,163 |
| 26 | COLLECTION XIIX<br>1370 BROADWAY, 17TH FL<br>NEW YORK NY 10018 | MITCHELL GROSSMAN<br>646-929-6047<br>MGROSSMAN@COLLECTIONXIIX.COM | Trade | | $ 769,148 |
| 27 | OXFORD INDUSTRIES INC<br>999 PEACHTREE ST NE, SUITE 688<br>ATLANTA GA 30309 | MIKE SCOTT<br>404-234-9853<br>MSCOTT@OXFORDINC.COM | Trade | | $ 735,495 |
| 28 | SELECT BRANDS<br>10814 RENNER BLVD<br>LENEXA KS 66219 | WEBB ROBERTS<br><br>WEBB.ROBERTS@SELECTBRANDS.COM | Trade | | $ 735,163 |
| 29 | FOSSIL INC<br>901 S CENTRAL EXPWY<br>RICHARDSON TX 75080 | BRANDON BABAYANS<br>469-587-3644<br>BBABYANS@FOSSIL.COM | Trade | | $ 686,206 |
| 30 | MY PILLOW INC<br>343 EAST 82ND STREET<br>CHASKA MN 55318 | MICHAEL LINDELL<br>952-400-1180 | Trade | | $ 657,010 |
| 31 | SHISEIDO COSMETICS<br>900 THIRD AVENUE, 9TH FLOOR<br>NEW YORK NY 10022 | JANET BACHMAN<br>770-363-5504<br>JBACHMAN@BPI.SHISEIDO.COM | Trade | | $ 655,475 |
| 32 | KAYSER ROTH CORPORATION<br>102 CORPORATE CENTER BLVD<br>GREENSBOBO NC 27408 | TODD HOWARD<br>336-547-4654 | Trade | | $ 650,648 |
| 33 | BYER CALIFORNIA<br>62685 COLLECTION CENTER DR<br>CHICAGO IL 60693-0626 | TIM HANLON<br><br>THANLON@BYER.COM | Trade | | $ 647,197 |
| 34 | CAPITAL BUILDING SERVICES<br>540 CAPITAL DRIVE, SUITE 100<br>LAKE ZURICH, IL 60047 | RICK AIELLO<br>847-847-3800 | Trade | | $ 638,671 |
| 35 | NOTATIONS<br>ATTENTION: TESS MAGHIRANG<br>539 JACKSONVILLE ROAD<br>WARMINSTER PA 18974 | HELEN SCHREINER<br>215-259-2000 EXT 180<br>HELENS@NOTATIONS.COM | Trade | | $ 626,910 |
| 36 | COTY PRESTIGE<br>75 REMITTANCE DR SUITE 6440<br>CHICAGO IL 60675-6440 | LISA CROSS<br>732-605-2709<br>LISA_CROSS@COTYINC.COM | Trade | | $ 618,933 |
| 37 | WILLIAM CARTER COMPANY<br>3436 PEACHTREE ROAD NE, SUITE 1800<br>ATLANTA GA 30326 | ROBIN SHANNON<br>678-791-7637<br>ROBIN.SHANNON@CARTERS.COM | Trade | | $ 612,410 |
| 38 | KEECO<br>30736 WIEGMAN RD<br>HAYWARD CA 94544 | MARTIN BERRY<br>510-401-5036<br>MBERRY@LKEECO.COM | Trade | | $ 610,315 |
| 39 | BT MULTI LLC<br>C/O WP CAREY INC<br>50 ROCKEFELLER PLAZA, 2ND FL<br>NEW YORK NY 10020 | IAN R WINTERS<br>212-972-2245 | Trade | | $ 600,327 |
| 40 | LJ ACCESSORIES<br>140 CANDACE DRIVE<br>MAITLAND FL 32751 | 407-671-0111<br>INFO@LANDJACCESSORIES.COM | Trade | | $ 587,539 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re:<br><br>THE BON-TON STORES, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-_____ (___)<br><br>(Joint Administration Requested) |
|---|---|

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO FED. R. BANKR. P. 1007(a)(1) AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, The Bon-Ton Stores, Inc. and its subsidiaries, who are each debtors and debtors in possession in the above-captioned cases, hereby state as follows:

1. The following is a list all corporations, other than governmental units, that directly or indirectly own 10% or more of any class of interests in The Bon-Ton Stores, Inc.:

| Equity Holder | Nature of Interest Held | Unit Holdings and % Ownership |
|---|---|---|
| Tim Grumbacher<br>2801 E. Market Street<br>York, PA 17402 | Class A Common Stock<br>Common Stock[2] | 2,951,490 – 100%<br>4,330,266 – 21% |

2. The subsidiary listed below is 100% owned by The Bon-Ton Stores, Inc.:

- The Bon-Ton Department Stores, Inc.

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: The Bon-Ton Stores, Inc. (5229); The Bon-Ton Department Stores, Inc. (9309); The Bon-Ton Giftco, LLC (2805); Carson Pirie Scott II, Inc. (2140); Bon-Ton Distribution, LLC (5855); McRIL, LLC (5548); Bonstores Holdings One, LLC (8574); Bonstores Realty One, LLC (8931); Bonstores Holdings Two, LLC (8775); and Bonstores Realty Two, LLC (9075). The headquarters for the above-captioned Debtors is 2801 East Market Street, Bldg. E, York, Pennsylvania 17402.

2 The number of shares of Common Stock includes Class A Common Stock on an as converted basis.

3.    The subsidiaries listed below are 100% owned by The Bon-Ton Department Stores, Inc.:

- The Bon-Ton Giftco, LLC

- Carson Pirie Scott II, Inc.

- Bonstores Holdings One, LLC

- Bonstores Holdings Two, LLC

4.    The subsidiaries listed below are each 100% owned by Carson Pirie Scott II, Inc.:

- Bon-Ton Distribution, LLC

- McRIL, LLC

5.    The subsidiary listed below is 100% owned by Bonstores Holdings One, LLC:

- Bonstores Realty One, LLC

6.    The subsidiary listed below is 100% owned by Bonstores Holdings Two, LLC:

- Bonstores Realty Two, LLC