**UNITED STATES BANKRUPTCY COURT**

**District of Delaware**

| | |
|---|---|
| **In re** ) | **Chapter 11** |
| ) | |
| **The Bon-Ton Stores, Inc., et al.,** ) | **Case No 18-10248** |
| ) | |
| **Debtors.** ) | **(Jointly Administered)** |
| ) | |

**STATEMENT OF FINANCIAL AFFAIRS FOR**

**Bon-Ton Distribution, LLC**

**Case No: 18-10252**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE BON-TON STORES, INC., *et al.*,[1] | Case No. 18-10248 (MFW) |
| Debtors. | (Jointly Administered) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY
AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors" or the "Company") submit their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and, together with the Schedules, the "Schedules and Statements") pursuant to section 521 of the Bankruptcy Code (as defined below) and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

On February 4, 2018 (the "Petition Date"), the Debtors commenced the above-captioned chapter 11 cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly under case number 18-10248. The Debtors are authorized to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Schedules and Statements were prepared by the Debtors' management and are unaudited. While those members of management responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: The Bon-Ton Stores, Inc. (5229); The Bon-Ton Department Stores, Inc. (9309); The Bon-Ton Giftco, LLC (2805); Carson Pirie Scott II, Inc. (2140); Bon-Ton Distribution, LLC (5855); McRIL, LLC (5548); Bonstores Holdings One, LLC (8574); Bonstores Realty One, LLC (8931); Bonstores Holdings Two, LLC (8775); and Bonstores Realty Two, LLC (9075). The headquarters for the above-captioned Debtors is 2801 East Market Street, Bldg. E, York, Pennsylvania 17402.

Statements are accurate and complete based on information known to them at the time of preparation after reasonable inquiries, inadvertent errors or omissions may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and Statements. Accordingly, the Debtors reserve their right to amend and/or supplement their Schedules and Statements from time to time as may be necessary or appropriate; but there can be no guarantees that the Debtors will do so.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized. In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages. These Global Notes and Statements of Limitations, Methodology and Disclaimers Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (these "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements. In the event that the Schedules and Statements differ from these Global Notes, these Global Notes shall control.

**General Comments**

**Reservation of Rights.** The Debtors reserve the right to dispute, or to assert setoff or other defenses to, any claim reflected in the Schedules and Statements as to amount, liability, and

classification. The Debtors also reserve all rights with respect to the values, amounts, and characterizations of the assets and liabilities listed in their Schedules and Statements.

**Basis of Presentation.** The Schedules and Statements reflect the separate assets and liabilities of each individual Debtor. For financial reporting purposes, The Bon-Ton Stores, Inc. and its affiliated debtors and debtors in possession historically prepared consolidated financial statements, which included financial information for all of its subsidiaries and which were audited annually. The majority of the Debtors' operations occur through Debtor The Bon-Ton Department Stores, Inc. Accordingly, unless otherwise indicated, the responses in these Global Notes are captured in the Schedules and Statements of The Bon-Ton Department Stores, Inc.

These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors, or various equity holders on an intermittent basis. It should also be noted that the Debtors use a consolidated cash management system through which the Debtors pay substantially all liabilities and expenses.

The Schedules and Statements have been signed by Michael Culhane, Executive Vice President – Chief Financial Officer for the Company. In reviewing and signing the Schedules and Statements, Mr. Culhane necessarily relied upon the efforts, statements, and representations of the accounting and non-accounting personnel located at the Debtors' offices who report to, or work with, Mr. Culhane, either directly or indirectly. Mr. Culhane has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

**Date of Valuations.** Except as otherwise noted in the Schedules and Statements, all liabilities, as well as cash, inventory and vendor debit balances, are valued as of the Debtors' fiscal year 2017 year-end close, February 3, 2018. The Schedules and Statements reflect the Debtors' best effort to allocate the assets, liabilities, receipts, and expenses to the appropriate Debtor entity "as of" such dates. All values are stated in United States currency. In certain instances, the Debtors used estimates or pro-rated amounts where actual data as of the aforementioned dates was not available. The Debtors made a reasonable effort to allocate liabilities between the pre- and post-

petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the pre- and post-petition periods and amend the Schedules and Statements accordingly.

**Book Value.** Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records. Therefore, unless otherwise noted, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values. It would be cost prohibitive and unduly burdensome to obtain current market valuations of the Debtors' property interests. Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers. As such, the detail may include error corrections and value adjustments (shown as negative values or multiple line items for an individual asset). The Debtors believe that certain of their assets, including (i) goodwill, (ii) certain owned property, and (iii) intangibles may have been significantly impaired by, among other things, the events leading to, and the commencement of, the Debtors' chapter 11 cases. The Debtors have not yet formally evaluated the appropriateness of the carrying values ascribed to their assets prior to the Petition Date.

**Consignment Related Matters.** The Debtors have consignment inventory in their stores. The Debtors do not claim any ownership in the consignment inventory and therefore the value of such inventory is not reflected in the Schedules and Statements. As a result, the consignment vendors are listed on Question 21 of the Statements with no value assigned.

**Property and Equipment.** Owned property and equipment are recorded at cost and are shown net of depreciation. Depreciation is recorded using the straight-line method over the estimated useful lives of the assets, which range from three to ten years for furniture, fixtures, equipment, and software. Leasehold improvements are amortized on the straight-line method over the shorter of the lease or not greater than 15 years. Buildings are amortized on the straight-line method over a 20-40 year period.

**Causes of Action.** The Debtors have made their best efforts to set forth known causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their

rights with respect to causes of action they may have, whether disclosed or not disclosed, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Litigation.**  Certain litigation actions (collectively, the "<u>Litigation Actions</u>") reflected as claims against a particular Debtor may relate to any of the other Debtors.  The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor(s) that is the party to the Litigation Action.  The inclusion of any Litigation Action in the Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

**Application of Vendor Credits.**  In the ordinary course of their businesses, the Debtors apply credits against amounts otherwise due to vendors. These credits arise because, among other things, (i) materials ordered and paid for may not be delivered, (ii) materials delivered may be damaged or unusable, (iii) co-marketing arrangements, (iv) vendor provided volume rebates and cash discounts; and (v) quantity and/or shipping variances and violations.  Certain of these credits are subject to change. Vendor claims are listed at the amounts entered on the Debtors' books and records, which may or may not all reflect credits or allowances due from such creditors to the Debtors. The Debtors reserve all of their rights with respect to such credits and allowances.

**Claims.**  Certain of the Debtors' Schedules list creditors and set forth the Debtors' estimate of the claims of creditors as of the Petition Date.  The claim amounts reflected on the Schedules may include the Debtors' estimates for vendor charges not yet invoiced.  By estimating certain invoices, the Debtors are not representing that they have sought to identify and estimate all uninvoiced vendor charges.

The Debtors intentionally have not included "non-cash" accruals, *i.e.* accruals to recognize expense or liability over multiple periods where no specific obligation to perform is established, such as accruals to equalize lease payments, in the Schedules and Statements.

The Bankruptcy Court has authorized, but not directed, the Debtors to, among other thing, (i) continue certain customer practices in the ordinary course of business, (ii) pay certain prepetition wages, salaries, employee benefits, and other related obligations up to the statutory cap of $12,850 per employee, (iii) pay certain prepetition sales, use, and other taxes, (iv) make certain foreign vendor payments, (v) pay certain prepetition shipping and related charges, (vi) pay certain claims entitled to administrative priority under section 503(b)(9) of the Bankruptcy Code, and (vii) pay certain prepetition claims held by essential advertising service providers.  While the Debtors have made their best efforts to reflect the claims, by vendor, net of these various adjustments as well as "vendor credits" discussed above, the actual unpaid claims of creditors that may be allowed in these cases may differ from the amounts set forth in the Schedules and Statements.  Moreover, the Debtors have not attempted to reflect any alleged recoupments in the claims of utility companies or other parties holding prepetition deposits that may assert (or have asserted) a recoupment right.

To the extent any employees have been paid or will be paid in accordance with the Bankruptcy Court's order they have not been listed.  Employees with claims in excess of the statutory cap are listed on Schedule E/F (Non-priority) and the balance exceeding $12,850 is listed.

Any failure to designate a claim listed on a Debtor's Schedule as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that the claim is not "disputed," "contingent," or "unliquidated."  The Debtors reserve the right to (i) object to or otherwise dispute or assert setoff rights, cross-claims, counterclaims or defenses to, any claim reflected on the Schedules as to amount, liability, classification or otherwise,  or (ii) otherwise to designate subsequently any claim as "disputed," "contingent" or "unliquidated."

The claims listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

The Debtors have excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, and to the extent such damage claims exist, the Debtors reserve all rights to contest such claims as asserted.

**Employee Claims.**  The Bankruptcy Court entered a final order authorizing, but not directing, the Debtors to pay certain prepetition employee wages, salaries, benefits and other related obligations.  With the exception of any prepetition severance or deferred compensation, the Debtors currently expect that most prepetition employee claims for wages, salaries, benefits and other related obligations either have been paid or will be paid in the ordinary course of business and, therefore, the Schedules and Statements do not include such claims.  Notwithstanding the foregoing, the Debtors reserve their rights to (i) evaluate whether to modify or terminate any employee plan or program and (ii) modify or terminate, with respect to discretionary obligations, or seek to modify or terminate any such plans or programs.  In the event that any employee plans or programs are modified or terminated, or sought to be modified or terminated, affected employees would receive by mail notice thereof, thereby allowing any such affected party to assert claims against the Debtors arising therefrom.

**Addresses of Employees.**  The Debtors have attempted to list each of their current employees' addresses as the Debtors' corporate address where reasonably possible to protect the privacy of the Debtors' employees.  The Debtors have served and will continue to serve all necessary notices, including notice of the claims bar date, to the actual address of each of the Debtors' employees.

**Intercompany Items.**  For purposes of the Schedules and Statements, the Debtors have reported intercompany payables and receivables on Schedules A/B-11 as a net balance payable or receivable between each debtor and all other debtors.  Intercompany payables/receivables are satisfied using The Bon-Ton Department Stores, Inc. as a 'clearing house' between all the entities.  All other 9 entities only pay/receive intercompany transactions to/from The Bon-Ton Department Stores, Inc.

**Schedules**

**Schedule A/B – Assets - Real and Personal Property**

<u>Items 2 and 3 – Cash on hand and checking, savings, money market, or financial brokerage accounts.</u>  The numbers listed in Items 2 and 3 are based on the Debtors' books and records and reflect the balance sheet representation of the amounts held at the Debtors' stores in tills, cash registers, store safes, and the like as of the Petition Date.

<u>Item 3 - Checking, savings, money market, or financial brokerage accounts.</u>  To the extent cash is listed in Item 3 for any Debtor other than The Bon-Ton Department Stores, Inc., the cash reflects amounts that were deposited into the bank account of The Bon-Ton Department Stores, Inc. on behalf of the listed Debtor that had not been swept into the concentration account as of the Petition Date.

<u>Item 11 - Accounts receivable.</u>  This item excludes intercompany receivables.  Please see the note on page 7 of these Global Notes regarding Intercompany Items.

<u>Item 21 - Finished goods, including goods held for resale.</u>  Inventory is shown as of the Petition Date and includes capitalized freight and overhead, as well as inventory adjustments.   Inventory is shown net of reductions for shrink, lower of cost or market, and inventory write-off reserves, as well as the unamortized portion of vendor entitlements and other credits not recorded at the SKU level.

Goods initially delivered to the Debtors on a consignment basis are not included in Inventory for purposes of the Statements and Schedules.

<u>Item 22 – Other inventory or supplies.</u>  Item 22 for Debtor The Bon-Ton Department Stores, Inc. captures the Debtors' prepaid advertising costs, which generally include supplies for future advertising, including paper and photography for mailers, collateral, and inserts.

<u>Item 41 – Office equipment, including all computer equipment and communication systems equipment and software.</u>  The number listed in Item 41.1 reflects the value of computer hardware and software owned by the listed Debtor, including point of sale systems in the listed Debtor's stores and the computer systems in the corporate offices located in York, Pennsylvania and Milwaukee, Wisconsin.

<u>Item 46 – Machinery, equipment and vehicles.</u>  The Debtors lease certain vehicles, and such leases are captured on Schedule G for Debtor The Bon-Ton Department Stores, Inc.

<u>Part 10, Items 59-66 – Intangibles and intellectual property.</u>  The Debtors do not have a recent valuation for the items listed in Part 10.  Accordingly, the Debtors have not listed the value of such items because the values on the Debtors' books and records may not accurately reflect their value in the marketplace.

<u>Items 74 and 75 – Causes of action against third parties (whether or not a lawsuit has been filed) and other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtors and rights to set off claims.</u>  The Debtors attempted to list known causes of action and other claims.  Potential preference actions and/or fraudulent transfer action were not listed because the Debtors have not completed an analysis of such potential claims. The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

<u>Item 82 – Accounts receivable.</u>  Item 82 excludes intercompany receivables.

**Schedule D – Creditors Who Have Claims Secured by Property**

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

In certain instances, a Debtor may be a co-obligor with respect to scheduled claims of other Debtors.  No claim set forth on the Schedule D of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

Schedule D does not include beneficiaries of letters of credit.  Although the claims of these parties may be secured by a letter of credit, the Debtors' obligations under the letters of credit run to the issuers thereof, and not to the beneficiaries thereof.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D. The Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

As of the Petition Date, Wells Fargo Bank, National Association ("Wells Fargo") was the trustee under that certain Indenture dated as of May 28, 2013 (the "Second Lien Indenture"). The current trustee under the Second Lien Indenture is Wilmington Savings Fund Society, FBS ("WSFS"). Accordingly, WSFS is listed in Schedule D instead of Wells Fargo with respect to claims arising under the Second Lien Indenture. As described in the complaint (the "Complaint") in the adversary proceeding captioned *Official Committee of Unsecured Creditors of The Bon-Ton Stores, Inc.* v. *Wells Fargo Bank. N.A. (In re The Bon-Ton Stores, Inc.)*, No. 18-50381 (MFW), Docket No. 4 (Bankr. D. Del. March 29, 2018), certain liens were granted in favor of Wells Fargo, as trustee, during the ninety (90) days prior to the Debtors' commencement of their chapter 11 cases. The Plaintiff in the above-captioned adversary seeks to avoid and recover as preferential transfers the UCC-1 financing statements and mortgage that were filed and recorded in January 2018; a declaratory judgment that such liens and mortgage are voidable and unenforceable as against any of the Debtors' assets; and an order disallowing Defendants' claims pending final resolution of the claims in the above-captioned adversary proceeding. Nothing in Schedule D shall prejudice the Debtors' or the Plaintiffs' abilities to pursue the claims asserted in the Complaint.

### Schedule E/F – Creditors Who Hold Unsecured Claims

Certain of the claims of state and local taxing authorities set forth in Schedule E ultimately may be deemed to be secured claims pursuant to state or local laws. Certain of the claims owing to various taxing authorities to which the Debtors may be liable may be subject to ongoing audits.

The Debtors reserve their right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority and the listing of any claim on Schedule E/F Part 1 does not constitute an admission that such claim is entitled to priority treatment pursuant to section 507 of the Bankruptcy Code.

In certain instances, a Debtor may be a guarantor with respect to scheduled claims of other Debtors.  No claim set forth on the Schedule E/F of any Debtor is intended to acknowledge claims of creditors that are may be otherwise satisfied or discharged.

As noted above, the Bankruptcy Court has authorized, but not directed, the Debtors to, among other matters, pay certain prepetition wages, salaries, employee benefits, and other related obligations up to the statutory cap of $12,850.  To the extent any employees have been paid or will be paid in accordance with the Bankruptcy Court's order they have not been listed. Employees with claims in excess of the statutory cap are listed on Schedule E/F (Non-priority) and the balance exceeding $12,850 is listed.

Certain of the Debtors' liabilities do not lend themselves to identification of individual claims/claimants.  Specifically, Schedule E/F Part 2 for The Bon-Ton Giftco, LLC does not include estimated liabilities for the outstanding store gift and merchandise cards because The Bon-Ton Giftco, LLC does not track individual gift and merchandise card holders.  The total amount outstanding on behalf of gift and merchandise cards, net of breakage, is $30,966,642.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves, including self-insured health insurance plan liabilities.  Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date.

Item 3 – Creditors with Non-Priority Unsecured Claims.

Deposits that customers provided in connection with certain furniture purchases are included in Item 3 for Debtor The Bon-Ton Department Stores, Inc.  To the extent that some portion of customer deposits are entitled to priority treatment, such amounts are listed in Item 2 for Debtor

The Bon-Ton Department Stores, Inc.  In both instances, to protect the privacy of its customers, the Company omitted customer addresses from these answers.

Vendors who held letters of credit as of the Petition Date that exceeded, in amount, the debt owed to such vendors are listed in Item 3 as being owed $0.00.

Item 4 – Others to be notified.  The Debtors have listed their known creditors in Schedule E/F. To the extent attorneys have entered appearances on behalf of such creditors, those appearances are noted on the docket of the Debtors' chapter 11 cases and are not separately listed in Item 4.

## Schedule G – Executory Contracts and Unexpired Leases

The businesses of the Debtors are complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  The Debtors hereby reserve all of their rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (ii) amend or supplement such Schedule as necessary.  Furthermore, the Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument.  The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or an unexpired lease.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed therein.  Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth on Schedule G.  Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements.  Such agreements, if any, are not set forth in Schedule G.  Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.

**Schedule H – Codebtors**

Due to their voluminous nature, and to avoid unnecessary duplication, the Debtors have not included on Schedule H debts for which more than one Debtor may be liable if such debts were already reflected on Schedules E/F or G for the respective Debtors subject to such debt.

To the extent these Global Notes include notes specific to Schedules D-G, such notes also apply to the co-debtors listed in Schedule H.

**Statements**

Question 1 - Gross revenue from business.  As is customary in the retail industry, sales are reflected net of returns and allowances, coupons, discounts, shipping and handling, and sales tax.

Question 2 – Non-business revenue.  Non-business revenue includes such items as royalty income, interest and other income, management fees, and internet advertising revenue.

Question 3 – Certain payments or transfers to creditors within 90 days before filing this case. Prior to his employment as the Executive Vice President – Chief Financial Officer of the Debtors, Michael Culhane's consulting company, TMAG Inc., provided certain services to the Debtors.  Payments made to TMAG Inc. during the relevant period are listed in Question 3 of the Statements for The Bon-Ton Department Stores, Inc.

Question 4 - Payments or other transfers of property made within 1 year before filing this case that benefited any insider.  The Debtors' intercompany transfers are done through accounting entries rather than cash transfers.  Accordingly, the Debtors did not list intercompany transfers in Question 4 of the Statements.  Likewise, Question 4 of the Statements does not account for merchandise that was moved between the Debtors' locations.  Such transfers are also reflected as accounting transfers with no corresponding cash transfers.

As described in the *Debtors' Motion for Entry of an Order, Pursuant to Sections 105(a), 363(b), 363(c), 507(a)(4), and 507(a)(5) of the Bankruptcy Code, (A) Authorizing (I) Payment of Prepetition Employee Wages, Salaries, and Other Compensation; (II) Payment of Prepetition Employee Business Expenses; (III) Contributions to Prepetition Employee Benefit Programs and Continuation of Such Programs in the Ordinary Course; (IV) Payment of Workers'*

*Compensation Obligations; (V) Payments for Which Prepetition Payroll Deductions Were Made; (VI) Payment of all Costs and Expenses Incident to the Foregoing Payments and Contributions; and (VII) Payment to Third Parties of all Amounts Incident to the Foregoing Payments and Contributions; and (B) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto* [D.I. 13], despite the titles of certain employees, the Debtors do not believe they qualify as "insiders" under the Court's decision in *In re Foothills Texas, Inc.*, 408 B.R. 573 (Bankr. D. Del. 2009), because they do not participate in the corporate and/or operation management of the Debtors.  Accordingly, such employees are not listed in Question 4 of the Statements.

Question 5- Repossessions, foreclosures, and returns.  In the ordinary course of business, returns are part of the Debtors' operations.

Question 6 - Setoffs.  The Debtors have used their best efforts to reflect setoffs made by creditors without permission that they are aware of; however, there may be instances, including, without limitation, credits due to landlords and holdbacks made by credit card processors, where such a setoff has occurred without the Debtors' knowledge.

Question 10 – All losses from fire, theft, or other casualty within 1 year before filing this case.  The Debtors have included events that are not routine to the day-to-day operations of the business.  Ordinary course shrink is not reflected in the Statements.

Question 11 - Payments related to bankruptcy.  The Debtors use a centralized cash management system whereby all disbursements are made by The Bon-Ton Department Stores, Inc.  As a result, payments related to bankruptcy are reflected on the Statements of The Bon-Ton Department Stores, Inc. only, but were made on behalf of all of the Debtors.

Question 12 - Self-settled trusts of which the debtor is a beneficiary.  While the Debtors do not have any self-settled trusts, they are associated with other non-self-settled trusts, including those related to the deferred compensation plan.

Question 20 - Off-premises storage.  The locations listed for off-premise storage do not include shippers that are holding goods in-transit, including but not limited to goods on ships, in trucks or in warehouses where they may be temporarily stored during the transport process.

<u>Question 26 - Books, Records and Financial Statements.</u>

<u>Question 26d:</u> From time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons.  Recipients have included regulatory agencies, financial institutions, investment banks, vendors, debtholders and their legal and financial advisors. Additionally, during their sale process, the Debtors provided certain financial and/or strategic information to potential purchasers under non-disclosure agreements, which require that the Debtors not disclose who they provided this information to.  Due to the confidentiality requirements of the non-disclosure agreements, such parties are not listed in response to this question.

<u>Question 28 – List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.</u>  The Debtors listed all employees with a title of "officer" in Question 28 of the Statements for Debtor The Bon-Ton Department Stores, Inc.  In Question 4 of the Statements for Debtor The Bon-Ton Department Stores, Inc., the Debtors only listed insiders. See Question 4 of these Global Notes for a further description of how the Debtors designated "Insiders" for purposes of the Statements.

<u>Question 30 – Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?</u>  Please refer to Question 4 of the Statements for Debtor The Bon-Ton Department Stores, Inc. regarding all payments to insiders.

***END OF GLOBAL NOTES***

**SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE**

**Bon-Ton Distribution, LLC**                                                   **Case Number:**          **18-10252**

| Part 1: | Income |
|---------|--------|

## 1. Gross Revenue from business

☐ None

| Identify the Beginning and Ending Dates of the Debtor's Fiscal Year, which may be a Calendar Year | | | | Sources of Revenue (Check all that apply) | Gross Revenue (Before Deductions and Exclusions) |
|---|---|---|---|---|---|
| **For prior year:** | From | 1/29/2017 <br> MM/DD/YYYY | to | 2/3/2018 <br> MM/DD/YYYY | ☑ Operating a business <br> ☑ Other  Fiscal Year 2017 | $2,608,907.00 |
| **For the year before that:** | From | 1/31/2016 <br> MM/DD/YYYY | to | 1/28/2017 <br> MM/DD/YYYY | ☑ Operating a business <br> ☑ Other  Fiscal Year 2016 | $2,865,381.00 |

**Bon-Ton Distribution, LLC**                                                    **Case Number:**        **18-10252**

| Part 1: | Income |
|---------|--------|

## 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | Description of Sources of Revenue | Gross Revenue (Before Deductions and Exclusions) |
|---|---|---|
| From _____ to _____ <br> MM/DD/YYYY    MM/DD/YYYY | _____ | _____ |

**Bon-Ton Distribution, LLC**                                    **Case Number:**        **18-10252**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

## 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| 3.1    NONE | | | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| | **TOTAL** | $0 | |

| | **TOTAL** | $0 |
|---|---|---|

**Bon-Ton Distribution, LLC**                                                    **Case Number:**      **18-10252**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

### 4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)  Do not include any payments listed in line 3.  Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's Name and Address and Relationship to Debtor | Dates | Amount | Reason for Payment |
|---|---|---|---|
| 4.1        NONE | | | |
| | TOTAL | $0 | |
| | TOTAL | $0 | |

**Bon-Ton Distribution, LLC**                                    **Case Number:**          **18-10252**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

**5.  Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.  Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date Action was Taken | Value of Property |
|-----------------------------|----------------------------|-----------------------|-------------------|
| 5.1     NONE |  |  | $0 |

|  |  |  | **TOTAL** | **$0** |

**Bon-Ton Distribution, LLC**                                  **Case Number:**          **18-10252**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

## 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of Action Creditor Took | Date Action Taken | Account Number | Amount |
|---|---|---|---|---|
| 6.1 NONE | | | | $0 |

|  | | | TOTAL | $0 |

**Bon-Ton Distribution, LLC**                                    **Case Number:**         **18-10252**

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

### 7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity - within 1 year before filing this case.

☐ None

| | Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Address | Status of Case |
|---|---|---|---|---|
| 7.1 | BENNETT, RYAN V. BON-TON DISTRIBUTION, LLC | WORKERS COMPENSATION | WHEATON INDUSTRIAL COMMISSION 100 W RANDOLPH ST SUITE 8-200, CHICAGO, IL, USA | CLOSED |
| 7.2 | CASAZZA,MEREDITH V. BON-TON DISTRIBUTION, LLC 17 WC 13214 | WORKERS COMPENSATION | ROCKFORD INDUSTRIAL COMMISSION 200 S WYMAN ST,  #103, ROCKFORD, IL 61101, USA | PENDING |
| 7.3 | CORTES, BERNARDINO V. BON-TON DISTRIBUTION, LLC 15 WC 38237 | WORKERS COMPENSATION | CHICAGO INDUSTRIAL COMMISSION 100 W RANDOLPH ST SUITE 8-200, CHICAGO, IL, USA | SETTLED |
| 7.4 | GORDEN,BENNIE V. BON-TON DISTRIBUTION, LLC 14 WC 36587 | WORKERS COMPENSATION | ROCKFORD INDUSTRIAL COMMISSION 200 S WYMAN, ROCKFORD, IL, USA | SETTLED |
| 7.5 | LELAND FOSTER V BON-TON DISTRIBUTION, LLC 2:17-CV-02082-CSB-EIL | CONTRACT | U.S. DISTRICT COURT, CENTRAL DISTRICT 211 19TH STREET, # 40, ROCK ISLAND, IL    61201, USA | SETTLED |
| 7.3 | LUX,CONSTANCE V. BON-TON DISTRIBUTION, LLC 17 WC 012488 | WORKERS COMPENSATION | ROCKFORD INDUSTRIAL COMMISSION 200 S WYMAN ST,  #103, ROCKFORD, IL 61101, USA | PENDING |
| 7.7 | MARTIN,RONNIE V. BON-TON DISTRIBUTION, LLC 14 WC 18862; 14 WC 18863 | WORKERS COMPENSATION | ROCKFORD INDUSTRIAL COMMISSION 200 S WYMAN ST,  #103, ROCKFORD, IL 61101, USA | PENDING |
| 7.3 | MORGA,TAMMY V. BON-TON DISTRIBUTION, LLC 14 WC 07064 | WORKERS COMPENSATION | ROCKFORD INDUSTRIAL COMMISSION 200 S WYMAN, ROCKFORD, IL, USA | SETTLED |
| 7.3 | SCHRACK,JUNE V. BON-TON DISTRIBUTION, LLC 14 WC 17862 | WORKERS COMPENSATION | ROCKFORD INDUSTRIAL COMMISSION 200 S WYMAN, ROCKFORD, IL, USA | SETTLED |
| 7.10 | SOTO, ARMANDO V. BON-TON DISTRIBUTION, LLC 17 WC 17815 | WORKERS COMPENSATION | CHICAGO INDUSTRIAL COMMISSION 100 W RANDOLPH ST, 8TH FLOOR, CHICAGO, IL 60601, USA | PENDING |

**Bon-Ton Distribution, LLC**                                            **Case Number:**        **18-10252**

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

## 7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity - within 1 year before filing this case.

☐ None

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Address | Status of Case |
|---------------------------------|----------------------|------------------------------|----------------|
| 7.11  SWANSON, DEBORAH V. BON-TON DISTRIBUTION, LLC 17 WC 17894 | WORKERS COMPENSATION | CHICAGO INDUSTRIAL COMMISSION 100 W RANDOLPH ST, 8TH FLOOR, CHICAGO, IL 60601, USA | PENDING |
| 7.12  SWARTWOUT,JANE V. BON-TON DISTRIBUTION, LLC 10 WC 20746; 10 WC 20747; 12 WC 39077 | WORKERS COMPENSATION | ROCKFORD INDUSTRIAL COMMISSION 200 S WYMAN, ROCKFORD, IL, USA | CLOSED |
| 7.13  UNITED EQUITIES CORPORATION V.. BON-TON DISTRIBUTION, LLC 2017-CV-6369 | CONTRACT | U.S. DISTRICT COURT NORTHERN DISTRICT 219 SOUTH DEARBORN STREET , CHICAGO, IL    60604, USA | PENDING |
| 7.14  WRIGHT-KELLEY,JANET V. BON-TON DISTRIBUTION, LLC 14 WC29356 | WORKERS COMPENSATION | ROCKFORD INDUSTRIAL COMMISSION 200 S WYMAN ST,  #103, ROCKFORD, IL 61101, USA | PENDING |
| 7.15  WRIGHT-KELLY,JANET V. BON-TON DISTRIBUTION, LLC | WORKERS COMPENSATION | ROCKFORD INDUSTRIAL COMMISSION 200 S WYMAN ST,  #103, ROCKFORD, IL 61101, USA | PENDING |

**Bon-Ton Distribution, LLC**                                    **Case Number:**        **18-10252**

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

### 8. Assignments and receivership

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's Name and Address | Court Name and Address | Case Title and Number | Date | Description of Property | Value |
|------------------------------|------------------------|-----------------------|------|------------------------|-------|
| 8.1   NONE | | | | | |

**Bon-Ton Distribution, LLC**                                                     **Case Number:**         **18-10252**

| Part 4: | Certain Gifts and Charitable Contributions |
|---------|--------------------------------------------|

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's Name and Address | Recipient's Relationship to Debtor | Description of the Gifts or Contributions | Dates Given | Value |
|------------------------------|-----------------------------------|-------------------------------------------|-------------|-------|

9.1    NONE

**Bon-Ton Distribution, LLC**                                          Case Number:          **18-10252**

| **Part 5:** | Certain Losses |
| --- | --- |

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☐ None

| Description of Property | How Loss Occurred | Amount of Payments Received | Date of Loss | Property Value |
| --- | --- | --- | --- | --- |
| | | *If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.  List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property).* | | |
| 10.1   590 CPS ROCKFORD DC | CAR HIT FENCE. REPORTED TO DRIVER'S AUTO INSURANCE | $925.00 | 5/10/2017 | $925 |

|  |  | **TOTAL** | **$925** |
| --- | --- | --- | --- |

**Bon-Ton Distribution, LLC**                                                          Case Number:        18-10252

| Part 6: | Certain Payments or Transfers |
|---|---|

### 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.1    NONE | | | | | $0 |

**Bon-Ton Distribution, LLC**                                    **Case Number:**          **18-10252**

| **Part 6:** | Certain Payments or Transfers |
| --- | --- |

### 12. Self-settled trusts of which the debtor is a beneficiary

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years
before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of Trust or Device | Trustee | Describe any Property Transferred | Dates Transfers were Made | Total Amount / Value |
| --- | --- | --- | --- | --- |
| 12.1    NONE | | | | $0 |

**Bon-Ton Distribution, LLC**                                        **Case Number:**        **18-10252**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

### 13. Transfers not already listed on this statement

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.  Include both outright transfers and transfers made as security.  Do not include gifts or transfers previously listed on this statement.

☑ None

| Name and Address of Transferee, Relationship to Debtor | Description of Property | Date Transfer was Made | Total Amount or Value |
|---|---|---|---|
| 13. 1   NONE | | | $0 |

|  |  | **TOTAL** | **$0** |
|---|---|---|---|

**Bon-Ton Distribution, LLC**                                              Case Number:            **18-10252**

| Part 7: | Previous Locations |
|---------|--------------------|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of Occupancy |
|---------|--------------------|
| 14.1    1240 NORTH CENTRAL AVE, ROCKFORD, IL  61101 | From:    7/1/2014    To:    7/31/2015 |
| 14.2    1818 ELMWOOD ROAD, ROCKFORD, IL  61103 | From:    4/10/2013    To:    10/31/2016 |

**Bon-Ton Distribution, LLC**                                                      **Case Number:**        **18-10252**

| **Part 8:** | Health Care Bankruptcies |
| --- | --- |

### 15. Health Care bankruptcies

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility Name and Address | Nature of the Business Operation, Including Type of Services the Debtor Provides | Location Where Patient Records are Maintained (if Different from Facility Address). If Electronic, Identify any Service Provider. | If Debtor Provides Meals and Housing, Number of Patients in Debtor's Care | How are Records Kept? |
| --- | --- | --- | --- | --- |
| 15.1    NONE | | | | ☐ Electronic<br>☐ Paper |

**Bon-Ton Distribution, LLC**                                                    **Case Number:**        **18-10252**

| Part 9: | Personally Identifiable Information |
|---------|-------------------------------------|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained.    Billing Address, Phone Number and Credit Card Payment Information

      Does the debtor have a privacy policy about that information?

      ☐ No

      ☑ Yes

**Bon-Ton Distribution, LLC**                                    Case Number:          **18-10252**

| **Part 9:** | **Personally Identifiable Information** |
|---|---|

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

    ☐ No. Go to Part 10.

    ☑ Yes.  Fill in below:

      Describe:    The Bon-Ton Stores, Inc. Retirement Contribution Plan          EIN:    23-1269309

      Has the plan been terminated?

      ☑ No
      ☐ Yes

☐ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

    ☐ No. Go to Part 10.

    ☑ Yes.  Fill in below:

      Describe:    Carson Pirie Scott Pension Plan          EIN:    23-1269309

      Has the plan been terminated?

      ☑ No
      ☐ Yes

**Bon-Ton Distribution, LLC**            **Case Number:**      **18-10252**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial Institution Name and Address | Last 4 Digits of Acct Number | Type of Account | Date of Closing | Last Balance |
|---|---|---|---|---|
| 18.1   NONE | | | | |

**Bon-Ton Distribution, LLC**                                      **Case Number:**          **18-10252**

| **Part 10:** | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

### 19. Safe deposit boxes

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository Institution Name and Address | Names of Anyone with Access to it and Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|
| 19. 1    NONE | | | ☐ No<br>☐ Yes |

**Bon-Ton Distribution, LLC**                                    **Case Number:**        **18-10252**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

### 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility Name and Address | Names of Anyone with Access to it | Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|---|
| 20. 1    NONE | | | | ☐ No<br>☐ Yes |

**Bon-Ton Distribution, LLC**                                    **Case Number:**          **18-10252**

| **Part 11:** | Property the Debtor Holds or Controls That the Debtor Does Not Own |

### 21. Property held for another

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's Name and Address | Location of the Property | Description of the Property | Value |
|---|---|---|---|
| 21.1    NONE | | | |

**Bon-Ton Distribution, LLC**                                              **Case Number:**      **18-10252**

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.  Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No
☐ Yes. Provide details below.

| Case Title and Case Number | Court or Agency Name and Address | Nature of Proceeding | Status |
|---|---|---|---|
| 22. 1    NONE | | | |

**Bon-Ton Distribution, LLC**                                                                                    **Case Number:**        **18-10252**

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the followig definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**23.  Has any governmental unit otherwise notified the debtor that the debtor may be liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|
| 23. 1   NONE | | | |

**Bon-Ton Distribution, LLC**                                                                 **Case Number:**        **18-10252**

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the followig definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**24.  Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|
| 24. 1   NONE | | | |

**Bon-Ton Distribution, LLC**                                    **Case Number:**          **18-10252**

| **Part 13:** | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

☑ None

| Business Name and Address | Describe the Nature of the Business | Employer Identification Number | Dates Business Existed |
|---|---|---|---|
| | | *Do not include SSN or ITIN* | |
| 25.1    NONE | | | Present |

**Bon-Ton Distribution, LLC**  **Case Number:**  **18-10252**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |

## 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and Address | Dates of Service |
|---|---|
| 26a.1   MICHAEL WEBB; SVP, CHIEF ACCOUNTING OFFICER<br>2801 EAST MARKET STREET<br>BLDG E<br>YORK, PA 17402 | From:   6/1/2015   To:   Present |

**Bon-Ton Distribution, LLC**                                                    **Case Number:**          **18-10252**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**26. Books, records, and financial statements**

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and Address | | Dates of Service | | | |
|---|---|---|---|---|---|
| 26b. 1 | KPMG LLP<br>30 NORTH 3RD STREET<br>SUITE 1000<br>HARRISBURG, PA 17101 | From: | 1/1/2002 | To: | Present |

**Bon-Ton Distribution, LLC**                                                                          Case Number:          **18-10252**

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |

### 26. Books, records, and financial statements

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and Address | If any Books of Account and Records are Unavailable, Explain Why |
|---|---|
| 26c.1  MICHAEL WEBB; SVP, CHIEF ACCOUNTING OFFICER<br>2801 EAST MARKET STREET<br>BLDG E<br>YORK, PA 17402 | |

**Bon-Ton Distribution, LLC**                                    **Case Number:**        **18-10252**

**Part 13:**      **Details About the Debtor's Business or Connections to Any Business**

**26. Books, records, and financial statements**

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and Address |
| --- |
| 26d. 1    SEE ATTACHED GLOBAL NOTES |

**Bon-Ton Distribution, LLC**                                                    Case Number:        18-10252

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No

☑ Yes. Give the details about the two most recent inventories.

| | Name of the Person who Supervised the Taking of the Inventory | Name and Address of the Person who has Possession of Inventory Records | Date of Inventory | Dollar Amount | Basis |
|---|---|---|---|---|---|
| 27. 1 | Bonnie Malaczynski | ROCKFORD (ECOMM) 4650 SHEPHERD TRAIL ROCKFORD, IL 61103 | 1/7/2017 | $11,920.00 | Retail Value |
| 27. 2 | Bonnie Malaczynski | ROCKFORD (ECOMM) 4650 SHEPHERD TRAIL ROCKFORD, IL 61103 | 1/13/2018 | $361,879.00 | Retail Value |
| 27. 3 | Bonnie Malaczynski | NAPERVILLE CLEARANCE 1835 JEFFERSON AVE NAPERVILLE, IL 60540 | 1/7/2017 | $759,249.00 | Retail Value |
| 27. 4 | Bonnie Malaczynski | BULK - ROCKFORD 4650 SHEPHERD TRAIL ROCKFORD, IL 61103 | 1/7/2017 | $5,982.00 | Retail Value |
| 27. 5 | Bonnie Malaczynski | DAMAGES ROCKFORD 4650 SHEPHERD TRAIL ROCKFORD, IL 61103 | 1/11/2017 | $380,403.00 | Retail Value |
| 27. 6 | Bonnie Malaczynski | RTV ROCKFORD 4650 SHEPHERD TRAIL ROCKFORD, IL 61103 | 1/11/2017 | $20,750,255.00 | Retail Value |
| 27. 7 | Bonnie Malaczynski | NAPERVILLE CLEARANCE 1835 JEFFERSON AVE NAPERVILLE, IL 60540 | 1/13/2018 | $677,479.00 | Retail Value |
| 27. 8 | Bonnie Malaczynski | BULK - ROCKFORD 4650 SHEPHERD TRAIL ROCKFORD, IL 61103 | 1/13/2018 | $1,787.00 | Retail Value |
| 27. 9 | Bonnie Malaczynski | NAPERVILLE (FURNITURE WH) 1835 W JEFFERSON NAPERVILLE, IL 60540 | 1/13/2018 | $14,497,820.00 | Retail Value |
| 27. 10 | Bonnie Malaczynski | DAMAGES ROCKFORD 4650 SHEPHERD TRAIL ROCKFORD, IL 61103 | 1/17/2018 | $579,980.00 | Retail Value |
| 27. 11 | Bonnie Malaczynski | RTV ROCKFORD 4650 SHEPHERD TRAIL ROCKFORD, IL 61103 | 1/17/2018 | $4,727,136.00 | Retail Value |
| 27. 12 | Bonnie Malaczynski | NAPERVILLE (FURNITURE WH) 1835 W JEFFERSON NAPERVILLE, IL 60540 | 1/7/2017 | $15,828,017.00 | Retail Value |

**Bon-Ton Distribution, LLC**                                                                 Case Number:        **18-10252**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No

☑ Yes. Give the details about the two most recent inventories.

| Name of the Person who Supervised the Taking of the Inventory | Name and Address of the Person who has Possession of Inventory Records | Date of Inventory | Dollar Amount | Basis |
|---|---|---|---|---|

**Bon-Ton Distribution, LLC**                                          **Case Number:**        **18-10252**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**28.  List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Positition and Nature of any Interest | Percent of Interest, if any |
|---|---|---|
| 28. 1   ADAMS, NATHANIEL W.<br>2801 E. MARKET STREET<br>YORK, PA 17402 | DIRECTOR/VP SECRETARY & GENERAL COUNSEL | |
| 28. 2   CARSON PIRIE SCOTT II, INC.<br>2801 E. MARKET STREET<br>YORK, PA 17402 | | 100.00% |
| 28. 3   CULHANE, MICHAEL<br>2801 E. MARKET STREET<br>YORK, PA 17402 | EVP CHIEF FINANCIAL OFFICER | |
| 28. 4   RUBY, PAUL E.<br>2801 E. MARKET STREET<br>YORK, PA 17402 | SVP REAL ESTATE | |
| 28. 5   TRACY, WILLIAM<br>2801 E. MARKET STREET<br>YORK, PA 17402 | DIRECTOR/EXECUTIVE VP - CFO | |
| 28. 6   WEBB, MICHAEL W.<br>2801 E. MARKET STREET<br>YORK, PA 17402 | SVP CHIEF ACCTING OFFICER | |

**Bon-Ton Distribution, LLC**                                    **Case Number:**            **18-10252**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☑ Yes. Identify below.

| Name and Address | Position and Nature of Interest | Period During Which Position Was Held | | | |
|---|---|---|---|---|---|
| 29. 1  BUFANO, KATHRYN B.<br>2801 E. MARKET STREET<br>YORK, PA 17402 | FMR, DIRECTOR/CHIEF EXECUTIVE OFFICER | From: | 8/25/2014 | To: | 8/25/2017 |
| 29. 2  WALSH, NANCY A.<br>2801 E. MARKET STREET<br>YORK, PA 17402 | FMR, DIRECTOR/ EXECUTIVE VICE PRESIDENT – CHIEF FINANCIAL OFFICER | From: | 11/19/2015 | To: | 1/15/2018 |
| 29. 3  YAWMAN, J. GREGORY<br>2801 E. MARKET STREET<br>YORK, PA 17402 | FMR, DIRECTOR/VICE PRESIDENT – GENERAL COUNSEL & SECRETARY | From: | 6/16/2009 | To: | 4/21/2017 |

**Bon-Ton Distribution, LLC**                                    **Case Number:**        **18-10252**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 30. Payments, Distributions, or Withdrawals Credited or Given to Insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

| Name and Address of Recipient and Relationship to Debtor | Amount | Dates | Reason for Providing the Value |
|---|---|---|---|
| 30.1    NONE | | | |
| **TOTAL** | **$0** | | |

| | **TOTAL** | **$0** |
|---|---|---|

**Specific Notes**

Please refer to SoFA 4 for The Bon-Ton Department Stores, Inc. for any payments.

**Bon-Ton Distribution, LLC**                                                    Case Number:        **18-10252**

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |
|---|---|

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes. Identify below.

| Name of Parent Corporation | Employer Identification Number of the Parent Corporation |
|---|---|
| 31.1   THE BON-TON STORES, INC. | EIN:     23-2835229 |

**Bon-Ton Distribution, LLC**                                    **Case Number:**        **18-10252**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**32.  Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☐ No

☑ Yes. Identify below.

| Name of Pension Fund | Employer Identification Number of the Pension Fund |
|---|---|
| 32. 1    THE BON-TON STORES, INC. RETIREMENT CONTRIBUTION PLAN | EIN:    23-1269309 |
| 32. 2    CARSON PIRIE SCOTT PENSION PLAN | EIN:    23-1269309 |

**Bon-Ton Distribution, LLC**                                                       **Case Number:**        **18-10252**

| Part 14: | Signature and Declaration |
|---|---|

Warning -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a resonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.


**Executed on:** _____ April 5, 2018 _____


**Signature:** /s/ Michael Culhane _____        Michael Culhane, EVP Chief Financial Officer _____

                                                                                                    **Name and Title**


Are additional pages to the Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?

[X] No

[ ] Yes